UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERHAN KAVIK, | No. 2:21-cv-1401 CKD P |
| Plaintiff, | |
| v. | ORDER |
| E. SAUCEDO, et al., | |
| Defendants. | |

  Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983 against employees of the California Department of Corrections and Rehabilitation. On September 8, 2021, the court dismissed plaintiff's complaint with leave to amend. Plaintiff has now filed an amended complaint.

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

  After conducting the required screening, the court finds that plaintiff's amended complaint fails to state a claim upon which relief can be granted. Therefore, the amended complaint must be

/////

1

dismissed. Plaintiff will be given one final opportunity to state a claim upon which he might proceed in a second amended complaint.

In his amended complaint, plaintiff asserts claims arising under California law. Plaintiff is informed that in order to proceed with a claim arising under California law, plaintiff must comply with the terms of the California Tort Claims Act, and then plead compliance. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). Complaints must present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).

Plaintiff complains about conditions of confinement. Cruel and unusual punishment is prohibited under the Eighth Amendment. The allegations in plaintiff's amended complaint simply do not amount to cruel and unusual punishment under any reasonable definition of that phrase. Plaintiff is informed, as he was when the court dismissed his original complaint, that in order to state a claim upon which relief can be granted under the Eighth Amendment with respect to conditions of confinement, plaintiff must allege facts indicating he has suffered sufficiently serious injury as a result of a prison official's deliberate indifference to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). Plaintiff is also advised that the Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied . . . maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992).

As plaintiff has been previously informed, in order to state a claim upon which he might proceed against a particular defendant plaintiff must allege in specific terms how that defendant was involved in a violation of his civil rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory

/////

allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  March 21, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
kavi1401.14(2)