UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERHAN KAYIK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. SAUCEDO, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-1401 CKD P<br><br><br>ORDER |

Plaintiff is proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant Saucedo is a Correctional Officer employed at Mule Creek State Prison. Two claims remain: an alleged violation of the Eighth Amendment and a claim for negligence under California law. The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. (ECF No. 59.) Defendant has moved for summary judgment. (ECF No. 54.) Plaintiff filed an opposition. (ECF No. 56.) Defendant filed a reply. (ECF No. 57.) After careful consideration, the Court will grant defendant's Motion for Summary Judgment.

I. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by

1  "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"

2

Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

## II. Facts

The following facts are not disputed (ECF No. 54-3):

1. In January, 2021, plaintiff suffered from various conditions which made it difficult for him to stand for more than one hour.

2. Around that time, plaintiff was told to report for a possible volunteer job at the lunch packing plant at Mule Creek. Plaintiff was informed that if he did not wish to take the job, he should so report at the lunch packing plant. At the plant, plaintiff was forced to stand in line for approximately 4 hours which caused plaintiff pain.

3. After standing in line for four hours, plaintiff spoke with defendant. Plaintiff told defendant he did not wish to volunteer due to medical conditions and because he already had two prison jobs. Defendant told plaintiff to return to his building.

## III. Eighth Amendment

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). Here, nothing suggests defendant caused plaintiff any pain. In his second amended complaint, plaintiff alleges that defendant forced

plaintiff to stand for four hours, but he fails to point to any evidence in support of his claim. Further, plaintiff does not point to facts which could establish he was forced to stand for four hours at all. Plaintiff does not assert that he ever asked permission to step out of the line and sit, nor that such a request would have been futile.[1]

Because there is no genuine issue of material fact as to whether defendant caused plaintiff any injury actionable under the Eighth Amendment, defendant is entitled to summary judgment as to the remaining Eighth Amendment claim.[2]

IV. Negligence

The court has supplemental jurisdiction over plaintiff's negligence claim pursuant to 28 U.S.C. § 1367. However, when all federal claims have been dismissed before trial, as will be the case here, the interests promoted by supplemental jurisdiction are no longer present, and a court should decline to exercise jurisdiction over state law claims. Carnegie–Mellon University v. Cohill, 484 U.S. 343, 350 n. 7 (1988). Therefore, plaintiff's negligence claim will be dismissed.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for summary judgment (ECF No. 54) is granted as to plaintiff's remaining Eighth Amendment claim.

/////
/////
/////
/////
/////

---

[1] Plaintiff takes issue with the fact that defendant submitted a "Rules Violation Report" for plaintiff's "failure to meet work expectations." ECF No. 54-4 at 21. However, whether a "Rules Violation Report" issued has no relevance to plaintiff's Eighth Amendment claim.

[2] Defendant also argues he is entitled to summary judgment based on the qualified immunity doctrine. Because there is no genuine issue of material fact as to whether defendant's conduct violated a clearly established constitutional right, summary judgment based on qualified immunity is also appropriate. Saucier v. Katz, 533 U.S. 194, 201 (2001).

2. Plaintiff's negligence claim is dismissed.

3. This case is closed.

Dated: August 4, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
kayi1401.msj