UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERHAN KAYIK,<br><br>    Plaintiff,<br><br>v.<br><br>E. SAUCEDO, et al.,<br><br>    Defendants. | No. 2:21-cv-1401 CKD P<br><br>ORDER |

    Plaintiff is California prisoner proceeding pro se. On August 4, 2025, defendant Saucedo was granted summary judgment as to plaintiff's remaining Eighth Amendment claim, plaintiff's negligence claim was dismissed and judgment was entered. Both parties consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

    On September 25, 2025, the court received plaintiff's motion to amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. It appears the motion was mailed to the court sometime after September 23, 2025. ECF No. 65 at 41. Any motion under Rule 59(e) must be filed within 28 days after of entry of judgment. Plaintiff's motion was due September 2, 2025. "The time period for filing a Rule 59(e) motion is jurisdictional," Amerson v. Kindredcare, Inc., 606 F. App'x 371, 372 (9th Cir. 2015) and "district court[s] ha[ve] no discretion to consider a late rule 59(e) motion," Carter v. United States, 973 F.2d 1479, 1488 (9th Cir. 1992). Also, Rule 6(b) specifically precludes the court from extending time for the filing of a Rule 59(e) motion.

     Plaintiff filed a notice of appeal before his Rule 59(e) motion. To the extent the Rule 59(e) motion can be construed as also being filed under Rule 60(b), the court elects to exercise its authority under Rule 62.1(2) to deny the motion even though an appeal commenced before the motion was filed.

     A district court may reconsider a ruling under Federal Rule of Civil Procedure 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263.

     Plaintiff does not point to evidence discovered after judgment or a change in the law. Plaintiff fails to point to anything calling into question any ruling in this case and manifest judgment is not reasonably suggested. The matters referenced in plaintiff's motion are either not relevant or not material to the litigation of claims presented in the operative second amended complaint (ECF No.15).

     For all of the forgoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure (EFC No. 65) is DENIED as untimely.
2. To the extent the motion can be construed as being brought under Rule 60(b) of the Federal Rules of Civil Procedure, the motion is DENIED pursuant to the court's authority to do so under Federal Rule of Civil Procedure 62.1(2).
3. Defendant Saucedo's "request for clarification" (ECF No. 66) is DENIED as moot.

Dated: 10/15/25

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
kayi1401.59(e)